[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11056

_____

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,

Plaintiffs-Counter Defendants-Appellants,

*versus*

GLASSCO INC.,

Defendant-Counter Claimant-Appellee,

JASON WILEMON,
JOHN BAILEY,
ANDREW VICTOR,

2                    Opinion of the Court                    23-11056

Defendants- Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-01950-KKM-JSS

_____

Before JORDAN, ROSENBAUM, and HULL, Circuit Judges.

HULL, Circuit Judge:

The facts of this case are set forth in our prior opinion. *Gov't Emps. Ins. Co. v. Glassco Inc.*, 85 F.4th 1136 (11th Cir. 2023). In that opinion, we certified to the Supreme Court of Florida the following questions of law regarding the Florida Motor Vehicle Repair Act, Fla. Stat. §§ 559.901-.9221 (2016) ("Repair Act"):

> (1) Does Fla. Stat. § 559.921(1) grant an insurance company a cause of action when a repair shop does not provide any written repair estimate?
>
> (2) Do the violations here under the Repair Act void a repair invoice for completed windshield repairs and preclude a repair shop from being paid any of its invoiced amounts by an insurance company?

*Glassco*, 85 F.4th at 1147-48.

The Supreme Court of Florida responded in the negative to both questions. *Gov't Emps. Ins. Co. v. Glassco Inc.*,

No. SC2023-1540, — So. 3d — , 2024 WL 4281865, at *1 (Fla. Sept. 25, 2024).  As to the first question, the Florida Supreme Court responded that section 559.921(1) does not grant an insurance company like GEICO a cause of action when a repair shop does not provide any written repair estimate.  *Id.* at *3-4.  Next, the Florida Supreme Court responded that the Repair Act violations here do not "void a repair invoice for completed windshield repairs and preclude a repair shop from being paid any of its invoiced amounts by an insurance company." *Id.* at *4.

As we explained in our opinion, plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, and GEICO General Insurance Company "conceded that if a court determines that the alleged Repair Act violations do not void the repair invoice and preclude [defendant] Glassco from receiving any payment, all eight counts in the operative complaint fail." *Glassco*, 85 F.4th at 1140.  Thus, even if the plaintiffs had a cause of action under the Repair Act, that claim would fail on the merits along with all the other claims raised in their operative complaint.  *See id.* at 1140, 1145.

We express our gratitude to the Florida Supreme Court for the clear and dispositive answers it has provided in response to these questions.  As a result of its decision, we affirm the judgment of the district court dismissing Count 8 of the complaint and granting summary judgment in favor of Glassco on Counts 1 through 7 of the complaint.

**AFFIRMED.**